IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO.  2:07-cr-61-MHT |
| ) | |
| BANKOLE BABJIDE BALOGUN ) | |

**United States' Brief Regarding Defendant's Request for Early Non-Jury Trial**

The Government objects to and does not consent to Defendant Bankole Balogun's request for a non-jury trial.  Under Fed. R. Crim. P. 23(a) and case law, a defendant may be granted a non-jury trial <u>only</u> if the Government consents and the Court approves.[1]  In *Singer*, the Court held that "there is no federally recognized right to a criminal trial before a judge sitting alone . . . ."[2]  "A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury."[3]  Further, *Singer* noted that Rule 23(a) does not require that the Government state its reason for refusing to consent to a defendant's jury waiver, since the law will presume that such refusal is not for an "ignoble purpose."[4]

*Singer* did note that it "need not determine . . . whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so

---

[1] *See also Singer v. United States*, 380 U.S. 24 (1965); *United States v. Johnson*, 496 F.2d 1131, 1136 (11th Cir. 1974).

[2] *Singer*, 380 U.S. at 34.

[3] *Id.*

[4] *Id.* at 37

compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial."[5] Since *Singer*, however, the Supreme Court has never determined whether the circumstances alluded to in *Singer* actually existed, nor has it ever decided what circumstances would create such an unusual situation. To the contrary, in at least one post-*Singer* opinion, the Court has characterized the requirement of Government consent as absolute.[6]

Although lower courts have since assumed that *Singer* allows for an exception to the requirement of governmental consent to a jury waiver, the Government can find no published United States Court of Appeals opinion, which has approved a defendant's waiver of a jury over the Government's objection. In fact, the Circuits that have considered this issue have uniformly upheld trial courts' refusals to grant such waivers without governmental consent.[7]

Even if this were not the case, Balogun's main proffered reason–that he is a foreigner–does not rise to the level that would even merit a *Singer*-like exception.

---

[5] *Id.* at 37-38

[6] *See Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 383 (1979).

[7] U.S. v. U.S. District Court for Eastern Dist. of Cal. 464 F.3d 1065, 1070 -71 (9th Cir. 2006) *United States v. Jackson,* 278 F.3d 769, 771 (8th Cir.2002); *DeLisle v. Rivers,* 161 F.3d 370, 389 (6th Cir.1998); *United States v. Van Metre,* 150 F.3d 339, 353 (4th Cir.1998); *United States v. Gabriel,* 125 F.3d 89, 94-95 (2d Cir.1997), *overruled on other grounds by Arthur Andersen LLP v. United States,* 544 U.S. 696, 705-06, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005); *United States v. Clark,* 943 F.2d 775, 784 (7th Cir.1991); *United States v. Sun Myung Moon,* 718 F.2d 1210, 1217-1219 (2d Cir.1983). *See also United States v. Clapps,* 732 F.2d 1148 (3d Cir.1984), *overruled on other grounds by McNally v. United States,* 483 U.S. 350, 360-61, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987).

For example, in *Reyes*,[8] a defendant charged with various drug offenses argued that the trial court improperly allowed the Government to refuse to consent to defendant's jury. The court rejected that argument, and while recognizing the possible exception created by the concluding remarks in *Singer*, held that any "passion, prejudice . . . and public feeling" defendant feared on account of alleged racial discrimination was "specifically addressed and guarded against by the trial judge during the voir dire."[9] Thus, even if there were an exception to the rule of absolute prosecutorial discretion, Balogun's main proffered reason would not even result in the only possible exception to the rule.

Furthermore, Balagun has a co-defendant in this case who is also set for trial on the September 17, 2007, trial docket. Any delay bringing Balagun to trial, must be weighed in contrast to the rights of the public, the co-defendant, and the Court's own judicial economy in having both defendants tried together. The delay–approximately five and one-half weeks from the day of the filing of this brief–surely is not sufficient to warrant a remedy not specifically granted in the last forty years of established appellate case law.

Respectfully submitted this 8th day of August, 2007,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER

---

[8] *United States v. Reyes,* 8 F.3d 1379, 1389 (9th Cir.1993).

[9] *Id.* at 1390 (citation omitted).

                                              Assistant United States Attorney
                                              One Court Square, Suite 201
                                              Montgomery, AL 36104
                                              Phone: (334) 223-7280
                                              Fax: (334) 223-7135
                                              E-mail: christopher.a.snyder@usdoj.gov


                              <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on August 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael V. Rasmussen, Esq.

                                              <u>/s/ Christopher Snyder</u>
                                              CHRISTOPHER A. SNYDER
                                              Assistant United States Attorney