IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CR. NO.   2:07-cr-61-MHT |
| BANKOLE BABJIDE BALOGUN, a/k/a "Jay." | ) ) ) ) | |

**United States' Motion to Continue Trial**

The United States respectfully requests the Court to continue the case against Defendant Bankole Babjide Balogun until the Court's next trial term.[1] It requests this relief for the following reasons:

1. On August 15, 2007, a Grand Jury sitting in the Middle District returned a nine count superceding indictment against Balogun and seven other defendants. The charges in this case are complex. They involve, among other things, conspiracy, bank fraud, and mail fraud. The case involves dozens of witnesses and victims. In total, victims of these offenses are located in approximately 10 different states around the country with hundreds of thousands of dollars in losses. If it were to go to trial with all the defendants, the United States would estimate that it would take approximately five to seven days to try.

2. On August 28, 2007, Balogun and another defendant, Adeleke Olutubosun

---

[1] The United States has contacted Michael V. Rasmussen, attorney for the defendant, and he has indicated that he opposes this motion.

Taiwo, who were a part of the prior indictment and who were already in custody, had their initial appearance and were arraigned. At the arraignment, the United States provided over 800 pages in discovery and seven CDs and DVDs, containing, among other things, surveillance video.

3.    Normally, the grant of a continuance is left to the sound discretion of the trial judge,[2] however, the Court is limited by the requirements of the Speedy Trial Act.[3] The United States, therefore, requests that this case be continued for several reasons, each of which is authorized by the Speedy Trial Act.

4.    First, the case should be continued and excluded from the Speedy Trial calculation because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[4] Six defendants in this case must still be arrested and arraigned. Each defendant is charged in a complex tri-object conspiracy; it would be a waste of judicial resources for the defendants to be tried separately.[5] Additionally, because the attorney for the United States was out of the office all last week, the United States and Balogun have not had time to engage in possible non-trial resolutions based upon the superceding indictment. These reasons show that the ends of justice are best

---

[2] *United States v. Stilzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).

[3] 18 U.S.C. § 3161.

[4] *Id.* § 3161(h)(8)(A).

[5] *See United States v. Robin*, 840 F.3d 867 (11th Cir. 1988) (delay of eight months and ten days to permit apprehension of co-defendant was reasonable, and was excludable from speedy trial computation for defendant before the court); *see also United States v. Dennis*, 737 F.2d 617 (7th Cir. 1984).

served with a continuance.

5.    Moreover, if speedy trial findings are made against one defendant in a multi-defendant case, the Speedy Trial Act specifically permits that it be applied to all defendants.[6] At the arraignment, Taiwo's attorney indicated that he did not want the case to go to trial on the Court's September 17, 2007 term.  Later, on August 29, 2007, Taiwo's attorney filed a motion to continue based upon the amount of discovery and because of ongoing plea discussions.  This morning, the Court granted that Motion, making specific speedy trial findings.  See Doc. 69.  Thus, the Court may apply those findings to Balogun.

6.    Therefore, based on the complexity of this case and the number of defendants that still must be arrested, it is in the interest of justice to continue this case.  Moreover, the Court may continue this case based upon the factors enumerated in the Court's order continuing co-defendant Taiwo's trial.

Respectfully submitted this 6th day of September, 2007.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Christopher Snyder
> CHRISTOPHER A. SNYDER
> Assistant United States Attorney
> One Court Square, Suite 201
> Montgomery, AL 36104
> Phone: (334)223-7280
> Fax: (334)223-7135

---

[6]  18 U.S.C. § 3161(h)(7); *see also United States v. Zielie*, 734 f.2d 1447 (11th Cir. 1984) (under Subsection (h)(7) a time exclusion that applies to one defendant applies to all codefendants and, hence, even though defendant may not have triggered any excludable periods of delay by filing his own motions, the periods of excludable delay generated by the motions of codefendants were attributable to defendant).

E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael V. Rasmussen.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney