IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL ACTION NO.
                              )      2:07cr61-MHT
BANKOLE BABAJIDE BALOGUN      )
```

ORDER

Based on representations made in open court on September 12, 2007, it is ORDERED that the goverment's motion to continue (Doc. No. 70) is denied for the following reasons:

(1) Because defendant Bankole Babajide Balogun has been in custody since April 13, 2007, he has currently been in jail for five months on a charge for which his eventual sentence would likely be zero to six months under the advisory United States Sentencing Guidelines (as calculated by the his attorney) and 12 to 18 months (as calculated by the government). As a

result, if there is a continuance from September
17 to December 10, and when the time needed to
prepare a pre-sentence report after trial is
included, there is a reasonable possibility that
his pretrial detention could exceed his
sentence.

(2) The government has known that Balogun's trial
was set for the September 17 term since May 15,
2007, but declined to seek a motion to continue
until seven business days before the scheduled
trial.  The government's motion is very tardy,
and its lateness is unfair to Balogun, who, up
until now, expected to go to trial on September
17.

(3) The government cannot rely upon Balogun's
immigration status to justify extending his
detention.  While it is true that Balogun will
be released to the custody of immigration
authorities at the end of his sentence, it

should also be recognized that Balogun, once deported, will be free in another country. As such, prolonged detention here does actually deprive him of his freedom.

(4) The fact that a superseding indictment was entered on August 15, 2007 (Doc. No. 44), can justify neither the government's continued delay to file its motion to continue nor the excessive detention of Balogun that would result from a continuance.

(5) The government's desire to try Balogun jointly with codefendants is insufficient to justify a continuance: of the government's claimed seven codefendants, five remain unarrested and unarraigned, one has been arrested but has not yet been arraigned, and the last one, while set for trial in December, is likely to plead guilty. As such, there is no reason to believe that a joint trial of all eight codefendants

3

would actually take place during the court's December term.  Indeed, this court's past experience suggests that this case will not reach trial in December, if at all.

DONE, this the 12th day of September, 2007.


    /s/ Myron H. Thompson    
**UNITED STATES DISTRICT JUDGE**