## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.    2:07-cr-61-MHT** |
| | ) | |
| **BANKOLE BABJIDE BALOGUN,** | ) | |
| **a/k/a "Jay."** | ) | |
| | ) | |

## United States' Proposed Jury Instructions

The United States respectfully requests that the following Proposed Jury Instructions be given to the jury in this case.  The United States also respectfully reserves the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 20th day of September, 2007,

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.    2:07-cr-61-MHT** |
| | ) | |
| **BANKOLE BABJIDE BALOGUN,** | ) | |
| a/k/a "Jay." | ) | |
| | ) | |

## Certificate of Service

I hereby certify that on September 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael V. Rasmussen. A duplicate copy will be provided in person.

Respectfully submitted,
LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

# Government's Requested Jury Instruction No. 1

« INTRODUCTION»

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the Indictment.[1]

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1 (Face Page, Introduction).

## Government's Requested Jury Instruction No. 2

« DUTY TO FOLLOW INSTRUCTIONS»

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.[2]

---

[2]  11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.1 (Duty to Follow Instructions).

## Government's Requested Jury Instruction No. 3

« PRESUMPTION OF INNOCENCE»

The Indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.[3]

---

[3] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 2.1 (Presumption of Innocence).

# Government's Requested Jury Instruction No. 4

### «DEFINITION OF REASONABLE DOUBT»

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.[4]

---

[4] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 3 (Definition of Reasonable Doubt).

# Government's Requested Jury Instruction No. 5

«CONSIDERATION OF THE EVIDENCE:
ARGUMENT OF COUNSEL, COMMENTS BY THE COURT»

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.[5]

---

[5] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 4.2 (Consideration of the Evidence: Argument of Counsel, Comments by the Court).

# Government's Requested Jury Instruction No. 6

«CONSIDERATION OF THE EVIDENCE:
DIRECT AND CIRCUMSTANTIAL»

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.[6]

---

[6]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 4.2 (Consideration of the Evidence: Direct and Circumstantial).

# Government's Requested Jury Instruction No. 7

«CREDIBILITY OF WITNESSES»

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?[7]

---

[7]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 5 (Credibility of Witnesses).

## Government's Requested Jury Instruction No. 8

«IMPEACHMENT – INCONSISTENT STATEMENT»

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[8]

---

[8] 11th  Cir. Pat. Instr. Crim., Basic Instr. No. 6.1 (Impeachment – Inconsistent Statement).

## Government's Requested Jury Instruction No. 9

«EXPERT WITNESSES»

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.  Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.[9]

---

[9]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 7 (Expert Witnesses).

# Government's Requested Jury Instruction No. 10

«INTRODUCTION TO OFFENSE INSTRUCTIONS»

At this time I will explain the indictment which charges separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.  In summary, Count 1 charges from on or about August, 2005 until at least in or about March, 2006, that the Defendant knowingly and willfully conspired together to with others to commit mail, wire, and bank fraud.

Counts 3 and 5 charge the Defendant with commission of what are referred to as substantive offenses.  Count 3 charges that the Defendant and others executed, or to attempted to execute, a scheme to defraud a financial institution, or to obtain any money, assets, or other property owned by or under the control of a financial institution by means of false or fraudulent pretenses, representations, or promises.  Count 5 charges that the Defendant and others used a private or commercial interstate carrier in carrying out a scheme to defraud.

I will explain the law governing those substantive offenses in a moment. First, however, as to Count , you will note that the Defendants are not charged in that Count with committing a substantive offense; rather, they are charged with having conspired to do so.[10]

---

[10] 11th  Cir. Pat. Instr. Crim., Basic Instr. No. 8. (Introduction to Offenses in Conspiracy Cases).

-12-

# Government's Requested Jury Instruction No. 11

«OFFENSE CONDUCT INSTRUCTION –
CONSPIRACY TO COMMIT BANK, WIRE, AND MAIL FRAUD – 18 U.S.C. §1349»

Title 18, United States Code, Section 1349 makes  it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of 1341, 1343, or 1344.  Section 1341 makes it a Federal crime or offense for anyone to use a private or commercial interstate carrier in carrying out a scheme to defraud.  Section 1343 makes it a Federal crime or offense for anyone to use the wires United States mails in carrying out a scheme to defraud.  And, Section 1344 makes it a Federal crime or offense for anyone to execute, or to attempt to execute, a scheme to defraud a financial institution, or to obtain any money, assets, or other property owned by or under the control of a financial institution by means of false or fraudulent pretenses, representations, or promises.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:  That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second:  That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

Third:  That the object of the unlawful plan was to commit mail, wire, or bank fraud, as charged.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.[11]

---

[11] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 87 (modified) (Controlled Substances Conspiracy) Used because 21 U.S.C. §846, like §1349, does not require an overt act. *Compare with* 18 U.S.C. § 371 (general conspiracy statute, which requires an overt act).

# Government's Requested Jury Instruction No. 12

«PINKERTON INSTRUCTION»

In some instances a conspirator may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.

So, in this case, with regard to Counts 3 and 5 and insofar as the Defendant is concerned, respectively, if you have first found the Defendant guilty of the conspiracy offense as charged in Count 1 of the indictment, you may also find such Defendant guilty of any of the offense charged in Count 3 and 5 even though such Defendant did not personally participate in such offense if you find, beyond a reasonable doubt:

First:        That the offense charged in such Count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;

Second:    That the Defendant under consideration was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

Third:       That the commission of such offense by a co-conspirator was reasonably foreseeable consequence of the conspiracy.[12]

---

[12]  11th Cir. Pat. Instr. Crim., Offense Instr. No. 13.5  (Pinkerton Instruction).

# Government's Requested Jury Instruction No. 13

«Offense Conduct Instructions–Bank Fraud–18 U.S.C § 1344»

Title 18, United States Code, Section 1344, makes it a Federal crime or offense for anyone to execute, or to attempt to execute, a scheme to defraud a financial institution, or to obtain any money, assets, or other property owned by or under the control of a financial institution by means of false or fraudulent pretenses, representations, or promises.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant executed or attempted to execute a scheme to obtain money, assets, or property from a financial institution by means of false or fraudulent pretenses, representations, or promises relating to a material fact, as charged;

Second:     That the Defendant did so willfully with an intent to defraud;

Third:      That the false or fraudulent pretenses, representations, or promises were material; and

Fourth:     That the financial institution was federally insured or chartered.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or

"fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud, provided it is made with intent to defraud.

A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed. A false or fraudulent statement, representation, or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false. To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the Defendant knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.[13]

---

[13]  11th  Cir. Pat. Instr. Crim., Offense Instr. No. 52  (Bank Fraud).

# Government's Requested Jury Instruction No. 14

«OFFENSE CONDUCT INSTRUCTIONS–MAIL FRAUD–18 USC § 1341»

Title 18, United States Code, Section 1341, makes it a Federal crime or offense for anyone to use a private or commercial interstate carrier to carrying out a scheme to defraud.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second:   That the false or fraudulent pretenses, representations or promises related to a material fact;

Third:     That the Defendant acted willfully with an intent to defraud; and

Fourth:    That the Defendant used a private or commercial interstate carrier by mailing or by causing to be mailed some matter or thing for the purpose of executing the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or

falsity, provided it is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, provided it is made with intent to defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction. A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed. A false or fraudulent statement, representation or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the Indictment, and that the

use of a private or commercial interstate carrier was closely related to the scheme because the Defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen.[14]

---

[14]11th Cir. Pat. Instr. Crim. No. 50.1.

# Government's Requested Jury Instruction No. 15

«Deliberate Ignorance (As Proof of Knowledge)»

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the defendant was aware of a high probability of its existence, unless the defendant actually believed that it does not exist.

So, with respect to the issue of the defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the defendant deposited a fraudulent check and consciously tried to avoid learning about the nature of the check, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that the defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the defendant actually knew that he depositing a fraudulent check; or (2) that he deliberately closed her eyes to what he had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of the defendant cannot be established by merely demonstrating that the defendant was negligent, careless or foolish.[15]

---

[15] 11th Cir. Pat. Instr. Crim., Special Instr. No. 8 (Deliberate Ignorance (As Proof of Knowledge)); *United States v. Gold*, 743 F.2d 800, 822 (11th Cir. 1984) (approving of conscious avoidance instruction where entire defense rested on the argument that the defendants were "innocently oblivious to the endemic fraud that permeated their business").

# Government's Requested Jury Instruction No. 16

«OFFENSE CONDUCT INSTRUCTIONS–AIDING AND ABETTING (AGENCY)–18 USC § 2»

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator

## Government's Requested Jury Instruction No. 17

«ON OR ABOUT; KNOWINGLY»

You will note that the Indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.[16]

---

[16] 11th Cir. Pat. Instr. Crim. No. 9.2 (On or About; Knowingly (Only); (When Willfulness or Specific Intent Is Not An Element)).

## Government's Requested Jury Instruction No. 18

«Verdict»

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

[Explain verdict form]

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[17]

---

[17] 11th Cir. Pat. Instr. Crim., Basic No. 12 (Verdict).

# Government's Requested Jury Instruction No. 19

«DUTY TO DELIBERATE»

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[18]

---

[18] 11th Cir. Pat. Instr. Crim., Basic No. 11 (Duty to Deliberate).