IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )
        v.                  )    CRIMINAL ACTION NO.
                            )      2:07cr061-MHT
                            )
BANKOLE BABAJIDE BALOGUN    )


COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law
that you must follow and apply in deciding this case.
When I have finished you will go to the jury room and
begin your discussions--what we call your deliberations.


I.

It will be your duty to decide whether the government
has proved beyond a reasonable doubt the specific facts
necessary to find the defendant guilty of the crime
charged in the indictment.  You must make your decision

only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice for or against the defendant or the government. Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and

if it fails to do so you must find that defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  A reasonable doubt can arise from the evidence or the lack of evidence.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that the opening statements and closing statements are not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What is said during the opening statements and closing statements is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts

4

actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the witness testified, and that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which

was different from the testimony the witness gave before
you during the trial.

You should keep in mind, of course, that a simple
mistake by a witness does not necessarily mean that the
witness was not telling the truth as he or she remembers
it because people naturally tend to forget some things or
remember other things inaccurately.  So, if a witness has
made a misstatement, you need to consider whether it was
simply an innocent lapse of memory or an intentional
falsehood; and the significance of that may depend on
whether it has to do with an important fact or with only
an unimportant detail.

A defendant has a right not to testify. If a
defendant does testify, however, you should decide in the
same way as that of any other witness whether you believe
the defendant's testimony.

You should not give extra credence to a person's
testimony just because of his or her status as a law
enforcement officer.  You must consider him or her as any

7

other witness.    Under the laws of the United States, witnesses, including law enforcement officers, are the same.  Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

## II.

The defendant in this case is Bankole Babajide Balogun.  At this time I will explain the indictment, which charges the defendant with separate offenses called "counts."   I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Balogun is charged with three counts in the indictment: Counts 1, 3 and 5.  Count 1 charges that the defendant knowingly and willfully conspired to commit bank fraud, wire fraud and mail fraud.  Counts 3 and 5, respectively, charge the commission of what are referred to as substantive offenses, namely that the defendant

committed bank fraud and mail fraud.  I will now explain to you what the law says with respect to the offenses charged.


Count 1: Conspiracy to Commit Bank, Wire & Mail Fraud

Title 18, United States Code, Section 1349, makes it a separate federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to bank fraud, wire fraud or mail fraud.  So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement.  Also, because the essence of a conspiracy offense is the making of the agreement

9

itself, it is not necessary for the government to prove that conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt, before a defendant may be found guilty of this offense, is:

<u>First</u>:   That two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in Count 1 of the indictment;

<u>Second</u>:   That the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

<u>Third</u>:   That the object of the unlawful plan was to commit mail, wire, and bank fraud, as charged.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in

10

that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though the defendant did not participate before, and even though the defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## Count 3: Bank Fraud

Title 18, United States Code, Section 1344, makes it a federal crime or offense for anyone to execute, or to attempt to execute, a scheme to defraud a financial institution, or to obtain any money, assets, or other

property owned by or under the control of a financial institution by means of false or fraudulent pretenses, representations, or promises.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That the defendant executed or attempted to execute a scheme to defraud a financial institution or to obtain money, assets, or property from a financial institution by means of false or fraudulent pretenses, representations, or promises relating to a material fact, as charged;

<u>Second</u>:   That the defendant did so willfully with an intent to defraud;

<u>Third</u>:    That the false or fraudulent pretenses, representations, or promises were material; and

<u>Fourth</u>:   That the financial institution was federally insured or chartered.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the alleged scheme actually succeeded in defrauding anyone.

What must be proved beyond a reasonable doubt is that the defendant knowingly and willfully executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

## Count 5: Mail Fraud

Title 18, United States Code, Section 1341, makes it a federal crime or offense for anyone to transmit something by private or commercial interstate carrier in carrying out a scheme to defraud.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second:  That the false or fraudulent pretenses, representations or promises related to a material fact;

Third:   That the defendant acted willfully with an intent to defraud; and

13

<u>Fourth</u>: That the defendant used a private or commercial interstate carrier by depositing or causing to be deposited with such carrier some matter or thing for the purpose of executing the scheme to defraud.

A "private or commercial interstate carrier" includes any business engaged in the transmission, transportation or delivery of messages or other articles in interstate commerce, that is, from any place in one state to any place in another state. If a message or other article is deposited with such a carrier it need not be proved that the message or article thereafter moved in interstate commerce from one state to another.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material deposited with an interstate carrier was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the interstate carrier was intended as the specific or exclusive means of accomplishing the alleged fraud; or

14

that the defendant did the actual depositing.

What must be proved beyond a reasonable doubt is that the defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment, and that the use of an interstate carrier was closely related to the scheme because the defendant either deposited something or caused it to be deposited in an attempt to execute or carry out the scheme.

To "cause" an interstate carrier to be used is to do an act with knowledge that the use of such carrier will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of an interstate carrier in furtherance of a scheme to defraud constitutes a separate offense.

## Wire Fraud

The defendant in this case has not been charged with wire fraud. However, because he has been charged with conspiracy to commit wire fraud in Count 1, I will review the elements of that offense as well.

Title 18, United States Code, Section 1343, makes it a federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to defraud. The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That the defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false pretenses, representations or promises;

<u>Second</u>:   That the false pretenses, representations or promises related to a material fact;

<u>Third</u>:   That the defendant did so willfully and with an intent to defraud; and

<u>Fourth</u>:   That the defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

16

With respect to bank fraud, mail fraud, and wire fraud, the term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises.

With respect to bank fraud, mail fraud, and wire fraud, a statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud, provided it is made with intent to defraud.

With respect to bank fraud, mail fraud, and wire fraud, a fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed. A false or fraudulent statement,

17

representation, or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.

With respect to bank fraud, mail fraud, and wire fraud, the phrase "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

For counts 3 and 5 only, the guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort. So, if the acts or conduct of an agent, employee

18

or other associate of the defendant are willfully
directed or authorized by the defendant, or if the
defendant aids and abets another person by willfully
joining together with that person in the commission of a
crime, then the law holds the defendant responsible for
the conduct of that other person just as though the
defendant had personally engaged in such conduct.
However, before any defendant can be held criminally
responsible for the conduct of others it is necessary
that the defendant willfully associate in some way with
the crime, and willfully participate in it.  Mere
presence at the scene of a crime, merely doing something
that happens to help someone else commit a crime, and
even knowledge that a crime is being committed are not
sufficient to establish that a defendant either directed
or aided and abetted the crime. You must find beyond a
reasonable doubt that the defendant was a willful
participant and not merely a knowing spectator.

    The following instruction applies only to Counts 3

and 5.   In some instances a conspirator may be held responsible under the law for a substantive offense in which he had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.   So, in this case, with regard to Counts 3 and 5, and insofar as the defendant is concerned if you have first found the defendants guilty of the conspiracy offense as charged in Count 1 of the indictment, you may also find the defendant guilty of either of the offenses charged in Counts 3 and 5 even though the defendant did not personally participate in such offense if you find, beyond a reasonable doubt:

First: That the offense charged in such Count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;

Second: That the defendant was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

Third: That the commission of such offense by a co-conspirator was a reasonably foreseeable consequence of the conspiracy.

### III.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the

21

specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law.

### IV.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty.  The defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted, the matter of punishment is for the judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges-- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury

23

room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.