## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

**UNITED STATES OF AMERICA**

vs.                                          Case Number: 2:07-CR-00061-MHT-WC-2

**BANKOLE BABAJIDE BALOGUN**

## MOTION FOR NEW TRIAL

Comes now the defendant, by and through his attorney, Michael V. Rasmussen, and moves the court for a new trial for the following reasons:

1.      At trial, the government established that on February 24, 2006, the defendant deposited a $4,840 check into the account of a Mr. Taiwo. This is ordinarily an innocent act. The government established, however, that the check was counterfeit. The government offered into evidence a subsequent statement by a Taiwo to a police officer that Taiwo did not know anything about the check.  The defendant objected. The Court admitted the evidence. The inference from Taiwo's statement was that Balogun was criminally responsible for the deposit.

2.      The government offered the statement as that of a co-conspirator made in "furtherance of the conspiracy" under Rule 801 of the *Federal Rules of Evidence*.

3.      The introduction of the statement had a cascading effect. It compelled the defendant to attempt to "impeach" the statement and was a significant factor in the defendant's decision to take the stand. This all led to an admission that the defendant had not only deposited the check, but had filled in a portion of the check.

4.      In the defendant's judgment, this was better than allowing Taiwo's statement to stand unchallenged, but was still far more damaging than evidence that he had merely deposited

check which turned out to be counterfeit. The defendant submits that overall he would have been in a substantially better position without any of this evidence.

5.    The defendant respectfully submits that the admission of Taiwo's statement was error. Taiwo's statement was not "in furtherance of" any conspiracy. It was made weeks after the attempt deposit and to benefit from this check. The attempt to benefit from the check was made the same day as the deposit, and failed. That was the end of it. There was evidence of other such attempts by Taiwo, but those attempts, also unsuccessful, were made months earlier. Taiwo's statement did not further the goals of the conspiracy. The statement was a subsequent attempt by a conspirator to conceal his involvement. Such attempts are not ordinarily part of a conspiracy. *Lutwak v. United States*, 344 U.S. 604 (1953). The government might have offered the statement as a false statement tending to prove the existence of a conspiracy, that is, the government could have offered it not for the truth of the matter asserted but for some other purpose (See *United States v. Anderson*, 417 U.S. 211 (1974), but it did not. (If it had, the objection would have been that the existence of a conspiracy, and even Taiwo's participation in the conspiracy, was not an issue in the case).

6.    The defendant respectfully submits that the admission of the evidence was error, that he was substantially prejudiced, and that the appropriate remedy is a new trial.

Respectfully submitted,

/s/ Michael V. Rasmussen

Michael V. Rasmussen
Attorney for the defendant
Bar Number: ASB-4235-A43M
130 Inverness Plaza # 175
Birmingham, AL 35242

Telephone: (205) 401-8142
E-mail: rasmussenlaw@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that on the above stated date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney.

/ s/ Michael V. Rasmussen

Michael V. Rasmussen
Attorney for the defendant
Bar Number: ASB-4235-A43M
130 Inverness Plaza # 175
Birmingham, AL 35242

Telephone: (205) 401-8142
E-mail: rasmussenlaw@charter.net