UNITED STATES GOVERNMENT
MEMORANDUM

TO:  The Honorable Myron H. Thompson
     U.S. District Judge

FROM:  Ellen S. Traywick
       U.S. Probation Officer

SUBJECT:  Bankole Babajide Balogun, #2:07CR0061-MHT-002
          <u>RESPONSE TO MOTION FOR AN EARLY SENTENCE</u>

DATE:  September 28, 2007

    This in response to the defendant's motion for the Court to set sentencing in the above-referenced case for a time earlier than the December 2007 term.

    The probation officer submits that to set sentencing in the above-referenced case for a time earlier than the set date of December 3, 2007, is unwarranted and would place an undue burden on this officer to meet the requirements of Rule 32 of the <u>Rules of Criminal Procedure</u> in correctly applying the sentencing guidelines and completing the presentence report for the Court, for the reasons stated in the below paragraphs.

    First, the defendant was found guilty by jury verdict on Friday, September 21, 2007. The probation officer contacted the defendant's attorney on Monday, September 24, 2007, to schedule the presentence interview. The defendant's attorney advised that he wishes to be present at the presentence interview; however, the first available date he could do so is not until October 12, 2007. The presentence interview is presently scheduled to be completed with the defendant and his attorney at the Elmore County Correctional Facility on October 12, 2007.

    Second, once the presentence interview has been completed, the probation officer must attempt to verify the information provided by the defendant through various means, as well as obtain records on any prior criminal record of the defendant.

    Third, although the defendant, through counsel, submits that his scope of involvement is limited to a counterfeit $4,840 check, the probation officer, as a neutral fact-finder for the Court, requires ample time to review the discovery in the case, as well as review the trial transcript, if needed, to determine the defendant's involvement in the conspiracy, taking into account relevant conduct of other co-conspirators.

    And, fourth, the defendant is not legally in the United States and appears to be subject to removal proceedings. Following any period of incarceration, it would be recommended as a special condition of supervised release that the defendant be turned over to Immigration authorities for possible deportation.

    For the reasons stated above, the probation officer respectfully submits that the Court should deny the defendant's motion for an early sentence.