IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) <br> ) <br> ) |
| v. | ) CR. NO. 2:07-cr-61-MHT <br> ) |
| **BANKOLE BABJIDE BALOGUN** | ) <br> ) |

### United States' Response to Defendant's Request for Early Sentencing

The Government objects to Defendant Bankole Balogun's request for an early sentencing in this case. Balogun bases his request upon his estimation of what he believes his projected sentence will be. The Probation Officer, however, has not even had an opportunity to meet with Balogun until today and will need sufficient time to review the lengthy amount of discovery in this case.

Furthermore, the United States disagrees with Balogun's calculation of what his sentence be will. Balogun was convicted of one count of Conspiracy to Commit Bank Fraud, Wire Fraud, and Mail Fraud, as well as one count of Bank Fraud. Ignoring for a moment Balogun's acquitted conduct in this case–which the Court may consider in calculating his sentence[1] and the United States believes the Court should consider–and ignoring that the jury found that Balogun had agreed to commit mail fraud, the United

---

[1] *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) ("Because the Supreme Court in *Booker* excised only two provisions of the Sentencing Act, 18 U.S.C. § 3553(b)(1) and § 3742(e) . . . it follows that courts may still consider relevant facts concerning a defendant's 'background, character, and conduct' when making sentencing calculations, even if those facts relate to acquitted conduct")

States believes that Balogun's loss figures are incorrect.

The United States believes that the overall conspiracy in this case involves well over $250,00 in losses. Whether Balogun should be responsible for this full amount or a lesser amount will be a contested matter at sentencing. As a conservative estimate, the United States believes that the evidence at sentencing will show that Balogun did reasonably foresee loses greater than $30,000 and less than $70,000, based upon his involvement in the conspiracy. If the Court makes this finding, then Balogun's base offense level will be 7, and he will then receive a 6 level increase for the amount of loss.[2] This would result in an offense level of 13, for a Guideline Range of 12-18 months.[3] This, of course, does not include other increases and adjustments that the United States believes are appropriate, *e.g.*, number of victims[4] and obstruction of justice.[5] Application of these increases and adjustments will increase Balogun's offense level, conservatively, by four levels. This would result in an offense level of 17 and a Guideline Range of 30 to 37 months.

Balogun makes his calculation based upon trial testimony. This, however, is a premature calculation. Such a calculation ignores, among other factor, the fact that the

---

[2] See U.S.S.G. §§ 2B1.1(a) and (b)(1)(D).

[3] Assuming a criminal history category of I. Probation has not yet had an opportunity to examine Balogun's criminal history.

[4] See U.S.S.G. § 2B1.1(b)(2).

[5] See U.S.S.G. § 3C1.1.

Government is able to introduce evidence that it was not able to introduce at trial. Nevertheless, even if the Court were to accept Balogun's premature calculation of 4-10 months, a sentencing on December 3, 2007, would mean that Balogun would have been in custody for just over 7 months–a sentence well within Balogun's estimated Guideline range.

Therefore, the Court should not order an expedited sentencing in this case.

Respectfully submitted this 12th day of October, 2007,

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, AL 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael V. Rasmussen, Esq.

>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney