IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CR. NO. 2:07-cr-61-MHT |
| **BANKOLE BABJIDE BALOGUN** | ) ) ) | |

**United States' Response to Defendant's Motion for New Trial**

Defendant Bankole Balogun's Motion for a New Trial should be denied. "Such motions are not favored and are granted with great caution."[1] Balogun provides no reason that should warrant such a drastic remedy. Balogun's only basis for a new trial consists of his argument that the Court improperly admitted a statement of Balogun's coconspirator Adeleke Taiwo. This testimony, however, is admissible for at least two reasons.

First, the statement was admissible as coconspirator testimony. Such a statement is admissible if it is offered against a party opponent and was made in furtherance of the conspiracy.[2] Balogun, however, complains that the conspiracy was over; thus, the testimony should not have been admitted. Balogun is incorrect. Statements, like Taiwo's, which serve a necessary part of a conspiracy by concealing it or impeding an investigation, are admissible as statements made during and in furtherance of the conspiracy.[3] "This is particularly true in cases such as this one in which the object, [the mail, wire, and bank fraud,] was not insular, but

---

[1] *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977).

[2] *United States v. Christopher*, 923 F.2d 1545, 1549 (11th Cir. 1991).

[3] *United States v. Griggs,* 735 F.2d 1318, 1325 (11th Cir.1984); *United States v. Harrison*, Case No. 06-14278, 2007 WL 2461767, at 11 (11th Cir. 2007).

continuous."[4]  Moreover, Taiwo's statement was properly admitted for other non-hearsay reasons – it proved the existence of the conspiracy and rebutted Taiwo's more recent recitation of events.

Finally, even if the statement were improperly admitted, which it was not, its admission was harmless.[5]  Balogun has not demonstrated that this evidence could not have been otherwise admitted or was otherwise unduly prejudicial.  The only prejudice he suggests comes from a supposed cascading effect the admission had on him, forcing him (1) to admit that he had signed portions of the check, and (2) to introduce Taiwo's other statements.  This prejudice, however, not undue.  First, the admission that Balogun wrote portions of the check would have come in through a written statement that Balogun provide to Detective Terry Miles (in which he admitted the exact same thing).  And second, the other statements of Taiwo would have come in at some point – after all, part of Balogun's defense to the Government's entire case in chief was that he intended on calling Taiwo.

Thus, the error Balogun complains about consists of evidence that was properly admitted, and Balogun suffered no harmful prejudice from its admission. Balogun's Motion for New Trial therefore should be denied.

---

[4] *Griggs*, 735 F.2d at 1325 (citing cases).

[5] *See Lutwak v. United States*, 344 U.S. 604 (1953) (holding that court's failure to properly limit hearsay testimony of co-conspirator was harmless error where only one instance of a declaration requiring limitation and where overwhelming evidence of guilt of defendant); *United States v. Beasley*, 545 F.2d 403, 406 (5th Cir. 1977) ("[I]n light of the abundant properly admitted evidence against defendant and of the paucity of inadmissible testimony introduced, those improperly admitted statements constituted only harmless error that did not infect the validity of defendant's conviction.").

Respectfully submitted this 12th day of October, 2007,

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, AL 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: christopher.a.snyder@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael V. Rasmussen, Esq.

>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney