**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

**UNITED STATES OF AMERICA**

        vs.                       Case Number: 2:07-CR-00061-MHT-WC-2

**BANKOLE BABAJIDE BALOGUN**

## SECOND MOTION FOR NEW TRIAL

Comes now the defendant, by and through his attorney, Michael V. Rasmussen, and moves the court for a new trial for the following reasons:

1.    On October 31, 2007, counsel for the defendant received by facsimile the Presentence Report dated October 30,2007.

2.    Paragraph 43 of the Report states that on September 11, 2007, co-defendant Akinyemi was arrested and gave a statement implicating the defendant Balogun. It states that three days later, "the government received a phone call from Akinyemi's attorney who stated that Akinyemi was partially recanting the portion of is statement relating to Balogun."

3.    This occurred well before trial. But Balogun's defense counsel learned of it for the first time from the Presentence Report.

4.    The defendant submits that this was exculpatory information that should have been produced under *Brady v. Maryland*, 373 U.S. 83 (1963), that it was material, and that the appropriate remedy is a new trial.

5.    A new trial is warranted if the information was "material." It is material if there is a reasonable probability that if the information had been disclosed the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419 (1995); *Hays v. Alabama*, 85 F.3d

1492 (11th Cir. 1996); *United States v. Starrett*, 55 F3d 1525 (11th Cir. 1995). The Court in *Kyles*

observed that a showing of materiality does not require demonstration by a preponderance that

disclosure of the evidence would have resulted in an acquittal, only that confidence in the

outcome was undermined.

6.      In this case, the defendant was charged in a broad conspiracy involving numerous

individuals, including Mr. Taiwo and Mr. Akinyemi. The defendant knew that Mr. Taiwo had

made statements exonerating the defendant. The defendant decided not to call him as a witness.

Had the defendant known that Mr. Akinyemi also made statements exonerating the defendant, he

would probably have made a different decision, and would have called them both. Their

testimony would have been mutually supporting, and would have together advanced the

defendant's contention that he was simply being used by others.  The government may have

made a common attack on the testimony of each. In such circumstances, no can predict what the

outcome would have been for any of the  counts, which undermines confidence in the verdicts,

thus requiring a new trial.



                             Respectfully submitted,



                             _____
                             Michael V. Rasmussen
                             Attorney for the defendant
                             Bar Number: ASB-4235-A43M
                             130 Inverness Plaza # 175
                             Birmingham, AL 35242

                             Telephone: (205) 401-8142
                             E-mail: rasmussenlaw@charter.net

### CERTIFICATE OF SERVICE

I hereby certify that on the above stated date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney.

_____
Michael V. Rasmussen
Attorney for the defendant
Bar Number: ASB-4235-A43M
130 Inverness Plaza # 175
Birmingham, AL 35242

Telephone: (205) 401-8142
E-mail: rasmussenlaw@charter.net