## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CR. NO. 2:07-cr-61-MHT |
| **BANKOLE BABJIDE BALOGUN** | ) ) ) | |

### United States' Response to Defendant's Second Motion for New Trial

Defendant Bankole Balogun's Second Motion for a New Trial should be denied. Balogun's motion is barred because Balogun knew or should have known of the evidence he claims to have just discovered. Even it were not barred, the motion should be denied because this evidence would not have materially changed the outcome of his trial.

In his Motion, Balogun alleges that the Government failed to provide him with *Brady* evidence related to his co-defendant Arinniyi Omolade Akinyemi. This is not the case. On September 11, 2007, Akinyemi was arrested and gave a statement in which he implicated Balogun. Akinyemi also told Inspector James Tynan that he would like to cooperate against Balogun. On or about September 14, 2007, the Government received a phone call from Akinyemi's attorney in which the attorney stated that Akinyemi was partially recanting the portion of his statement related to Balogun.

On or about September 17, 2007, Balogun's attorney asked the Government whether it was going to call Akinyemi as a witness. In that conversation, it was communicated to Balogun's attorney that the United States would not be calling Akinyemi as a witness either

because the "witness has gone South" (defendant's version)[1] or because he had recanted his statement (Government's verison).[2]

Either way, Balogun would not be entitled to a new trial. Under the Government's version, Balogun's defense attorney already knew about this evidence. As a result, under Fed. R. Crim. P. 33(b)(2), Balogun would have had to have filed this motion with seven days after the verdict. His failure to do so prohibits the Court from even considering his motion.[3]

Assuming, however, that defendant's version is even correct, he still would not be entitled to a new trial. Under Fed. R. Crim. P. 33(b)(1), a defendant may obtain a new trial only if the motion is based on *newly* discovered evidence. To make a showing of newly discovered evidence, Balogun must establish, among other things,[4] that "the failure of the defendant to discover the evidence was not due to a lack of due diligence . . . ."[5] Under the defense's version, Balogun's already knew that Akineyemi "had gone South." Due diligence, however, requires that Balogun's attorney find out why co-defendant, who only three days earlier was cooperating,

---

[1] At a minimum, defense counsel remembers this portion of the conversation. In a telephone conversation between defense counsel and AUSA Snyder on or about October 31, 2007, defense counsel stated that he remembered AUSA Steve Feaga stating that cooperating witnesses had "gone South."

[2] To the best of the Government's recollection, the Government also communicated that Akinyemi would testify in a manner inconsistent with his prior confession.

[3] *Eberhart v. United States*, 546 U.S. 12 (2005) (Rules setting forth time limits for a defendant's motion for a new trial grounded on a reason other than newly discovered evidence are not "jurisdictional" but, instead, are inflexible, nonjurisdictional claim-processing rules.)

[4] In order to obtain a new trial based on an asserted *Brady* violation, the defendant must show that: (1) the government possessed evidence favorable to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different. *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir.2002).

[5] *Id.*

suddenly "went South."[6]  After all, Balogun's attorney had apparently contacted co-defendant Taiwo and his attorney on several occasions regarding his testimony. Thus, "[t]he failure to satisfy [this] element[] is fatal to a motion for a new trial."[7]

Moreover, even if the Court were to find Balogun diligent, his motion should be denied because any alleged *Brady* violation was immaterial.  Evidence is material only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[8]  In other words, the materiality standard for *Brady* claims is met only "when the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."[9]  Balogun has not met this standard.

First, whether Akinyemi would have testified for Balogun is entirely speculative.  Akinyemi would have had to have waived his Fifth Amendment right to testify.  Balogun has provided no evidence whatsoever that Akinyemi would have even been willing to do so.  Moreover, whether he would have testified favorably to Balogun is also questionable.  From March 28, 2006, when he first spoke with law enforcement until October 19, 2007, when he gave

---

[6] *United States v. Beasley*, 582 F.2d 337 (5th Cir. 1978) (Testimony of witnesses was not "newly discovered evidence" for purposes of defendant's new trial motion, since such witnesses were available to defense at trial and trial court offered to call them as court witnesses, everyone was aware at time of trial that such witnesses had relevant information with respect to issues raised, and defense counsel's decision not to call such witnesses was a deliberate and strategic one; therefore, defendant's new trial motion was properly denied, since there was no newly discovered evidence and more than seven days passed between entry of verdict and defendant's motion so as to preclude the granting of such motion on any ground other than newly discovered evidence.)

[7] *Schlei,* 122 F.3d at 991 (quotation omitted).

[8] *Grossman v. McDonough,* 466 F.3d 1325, 1341-42 (11th Cir.2006) (citations omitted).

[9] *Banks v. Dretke,* 124 S.Ct. 1256, 1276 (2004) (quotation marks omitted).

a proffer to the Government, Akinyemi has provided the Government with at least four different versions of his involvement in this case. Sometimes he implicates Balogun; sometimes he does not. Therefore, it is most probable that had Balogun called Akinyemi and had Akinyemi waived his Fifth Amendment right, his testimony would have had no weight. In light of the fact that the jury considered and disregarded the prior statements of his co-defendant Taiwo–who himself had given at least four different version of his and Balogun's involvement–the jury would have similarly given no weight to Akinyemi's testimony.

Such leaps are too great to justify the drastic remedy of a new trial, especially when the Government notified Balogun of this evidence in the first place. Balogun's Second Motion for New Trial therefore should be denied.

Respectfully submitted this 9th day of November, 2007,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael V. Rasmussen, Esq.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney